**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | **Chapter 11** |
| CHARMING CHARLIE HOLDINGS INC., *et al.*,[1] | Case No. 19-11534 (CSS) |
| Debtors. | (Jointly Administered) |
| Charming Charlie LLC, <br> Plaintiff, <br> v. <br> TRI-Coastal Design Group, Inc., aka TRI Coastal Design, <br> Defendant. | **Adv. Pro. No.** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Plaintiffs"), by and through their undersigned counsel, file this complaint (the "Complaint") to avoid and recover transfers against TRI-Coastal Design Group, Inc., aka TRI Coastal Design (the "Defendant") and to disallow any claims held by Defendant.  In support of this Complaint, Plaintiffs allege as follows:

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Charming Charlie Canada LLC (0693); Charming Charlie Holdings Inc. (6139); Charming Charlie International LLC (5887); Charming Charlie LLC (0263); Charming Charlie Manhattan LLC (7408); Charming Charlie USA, Inc. (3973); and Poseidon Partners CMS, Inc. (3302).

**NATURE OF THE CASE**

1.      Plaintiffs seek to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy case pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Plaintiffs also seeks to avoid and recover from Defendant, or any other person or entity for whose benefit transfers were made, any transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

2.      In addition, Plaintiffs seek to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant.  Plaintiffs do not waive but hereby reserves all rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to a case under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court"), captioned *In re Charming Charlie Holdings, Inc., et al.,* Case No. 19-11534 (CSS) (Jointly Administered), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      The statutory predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).  Pursuant to Rule 7008 of the Bankruptcy Rules and Local Rule 7008-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiffs consent to entry of final orders and judgment by the Court in this adversary proceeding.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PROCEDURAL BACKGROUND

7.      On July 11, 2019 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code.

8.      The Debtors continue to manage their estates as debtors in possession pursuant to section 1107(a) of the Bankruptcy Code.

9.      On July 19, 2019, the United States Trustee for the District of Delaware appointed the official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

10.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

## THE PARTIES

11.     The Debtors are debtors in possession in chapter 11 cases pending in this Court. The location of the Debtors' headquarters is:  Charming Charlie, c/o WeWork, 1725 Hughes Landing Blvd., The Woodlands, Texas 77380.

12.     Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for Plaintiff.  Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 49 W 37th Street, 8th Floor, New York, NY 10018.

**FACTUAL BACKGROUND**

13.     The Debtors were founded by Charles Chanaratsopon in 2004 and in less than a

decade, grew into a leading specialty retailer focused on colorful fashion jewelry, handbags,

apparel, gifts, and beauty products.  By 2013, the Debtors had grown into 284 stores in 40 states.

By the fall of 2017, the Debtors had over 390 locations spread across the United States, Canada,

the Middle East, and the Philippines.

14.     The Debtors' retail stores were located in lifestyle centers, shopping malls, power

centers, street level shops, and outlets.  The stores were located in approximately 125 lifestyle

centers, 80 shopping malls, 50 power centers, 2 street stores, and 4 outlets.  Texas, Florida, and

California hosted the most brick-and-mortar locations with approximately 75 locations in total.

The Debtors employed approximately 3,342 employees, including approximately 856 full-time

employees and approximately 2,486 part-time employees.

15.     Prior to the Petition Date, the Debtors maintained business relationships with

various business entities and individuals, through which they regularly purchased, sold, received,

and/or delivered goods and services.

16.     On December 11, 2017, the Debtors' predecessors in interest (the "Prior

Debtors") commenced chapter 11 cases (the "Prior Cases") in this Court, which were jointly

administered under the caption *In re Charming Charlie Holdings Inc.,* No. 17-12906 (CSS).  On

December 14, 2018, all of the Prior Cases were closed.  *See Order Issuing a Final Decree*

*Closing the Chapter 11 Cases,* No. 17-12906 (CSS) [Docket No. 874] (Bankr. D. Del. 2018).

17.     Beginning in 2015, the Prior Debtors experienced a decline driven primarily by:

(a) an overly broad vendor base, (b) a disproportionately large physical footprint, (c) certain

operational missteps, and (d) a challenging retail market conditions.  These factors tightened the

4

Prior Debtors' liquidity and complicated their relationship with their vendors.  Industry wide declines in sales and traffic exacerbated these factors.  The Prior Debtors' had insufficient liquidity to run the business.

18.    Notwithstanding confirming a reorganization plan in the Prior Cases and emerging from chapter 11 in April 2018, the Debtors continued to face challenges that made it impossible for them to continue as a going concern and commenced these chapter 11 cases approximately 14 months after completing the prior chapter 11.  The Debtors faced issues similar to those that precipitated filing the Prior Cases: unsustainable operating expenses, including onerous leases, and constrained liquidity under their loan documents.  The lack of liquidity resulted in reduced inventory, further exacerbating the Debtors' lack of availability under their asset-based loan.  These factors, combined with the continued decline of the brick-and-mortar retail industry, made it increasingly difficult for the Debtors to support their cost and capital structure.

19.    The Debtors and their advisors analyzed the Debtors capital structure and potential alternatives, including (a) a refinancing transaction, (b) entering into agreements to keep inventory flowing (*i.e.,* consignment agreements), and (c) reducing the store footprint to various levels depending on store profitability.  The Debtors had been managing liquidity by making only payments to the merchandise vendors and suppliers that were essential to their operations.  Unfortunately, on July 10, 2019, it became clear that there were no viable options to remain as a going concern and the Debtors made the difficult decision to proceed with liquidation, closing all stores and winding down their business.

20.    On the Petition Date, the Debtors initiated liquidation sales at each of their stores and closing those stores on a rolling basis.  As of August 31, 2019, the Debtors' liquidation sales

were concluded and all stores closed.  Following the liquidation sales, the Debtors ceased

operations.  On September 16, 2019, the Court entered an order approving the sale of the

Debtors' intellectual property.  The sale closed shortly thereafter.  The Debtors continue to wind

down their estates.

21.     During the ninety (90) days before and including the Petition Date, that is

between July 11, 2019 and April 12, 2019 (the "Preference Period"), the Debtors continued to

operate their business, including the transfer of money, either by checks, cashier checks, wire

transfers, ACH transfers, direct deposits or otherwise to various entities.

22.     Upon information and belief, during the course of their relationship, the

Defendant and Debtors entered into agreements for the purchase of goods and/or services by the

Debtors from the Defendant, which are evidenced by one or more contracts, purchase orders,

invoices, communications and other documents (collectively, the "Agreements").

23.     Upon further information and belief, the Agreements concerned and related to the

goods and/or services provided by Defendant to the Debtors.

24.     The Debtors, with the assistance of their advisors, conducted a preliminary review

of their books and records to determine whether certain pre-petition transfers qualified as

preferential transfers.

25.     The Debtors made transfer(s) of an interest of their property to or for the benefit

of Defendant during the Preference Period through payments aggregating not less than the

amount set forth on Exhibit A hereto (the "Transfer" or "Transfers").  The details of each

Transfer, including the Debtor making the Transfers, are set forth on Exhibit A attached hereto

and incorporated by reference.

6

26.     On or about May 1, 2020, the Debtors, through counsel, sent a demand letter (the "<u>Demand Letter</u>") to Defendant, seeking a return of the Transfer(s).  The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to 11 U.S.C. § 547(c) and requested Defendant to provide support for any affirmative defenses.  The Debtors also performed their own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

27.     Based upon the Debtors' review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing their own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiffs have determined that Plaintiffs may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

28.     Pursuant to section 547(g), Defendant bears the ultimate burden of proof on any affirmative defense to the Transfers.  Plaintiffs do not concede the validity of any alleged defenses, reserve all rights in connection therewith and leave Defendant to its burden.

29.     During the course of this proceeding, Plaintiffs may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code.  It is Plaintiffs' intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee.  Plaintiffs reserve the right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "<u>Amendments</u>"), that may become known to Plaintiffs at

any time during this adversary proceeding, through formal discovery or otherwise, and for the

Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers − 11 U.S.C. § 547)

30.    Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

31.    During the Preference Period, the Debtors made Transfers to or for the benefit of

Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

32.    Each Transfer was made by the Debtors, and constituted transfers of an interest in

property of the Debtors.

33.    Defendant was a creditor of the Debtors at the time of each Transfer by virtue of

supplying goods and/or services to the Debtors for which the Debtors were obligated to pay in

accordance with the Agreements.

34.    Each Transfer was to or for the benefit of a creditor within the meaning of 11

U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then

owed by the Debtors to Defendant.

35.    Each Transfer was made for, or on account of, an antecedent debt or debts owed

by the Debtors to Defendant before such Transfers were made, as asserted by Defendant and

memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms

are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtors.

36.    Each Transfer was made while the Debtors were insolvent.  Plaintiffs are entitled

to the presumption of insolvency for each Transfer made during the Preference Period pursuant

to 11 U.S.C. § 547(f).

37.     Each Transfer was made during the Preference Period, as set forth on <u>Exhibit A</u>. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtors' bankruptcy cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.  As evidenced by the Debtors' schedules filed in the underlying bankruptcy cases as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets such that the Debtors' unsecured creditors will not receive payment of their claims in full from the Debtors' bankruptcy estates.

38.     In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## **<u>Second Claim for Relief</u>**
### **(Avoidance of Fraudulent Conveyances − 11 U.S.C. § 548(a)(1)(B))**

39.     Plaintiffs incorporate all previous allegations as though fully set forth herein.

40.     To the extent one or more of the Transfers identified on <u>Exhibit A</u> was not made on account of an antecedent debt, or was a prepayment for goods and/or services subsequently received or which the value of such goods and/or services did not constitute reasonably equivalent value in exchange for such transfer(s), and/or was a debt incurred by one of the Debtors but paid by another of the Debtors, Plaintiffs plead in the alternative that Plaintiffs did not receive reasonably equivalent value in exchange for such transfer(s), (the "<u>Potentially Fraudulent Transfers</u>"); and

A.     The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

B.      The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

C.      The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

41.     Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

**Third Claim for Relief**
**(Recovery of Avoided Transfers − 11 U.S.C. § 550)**

42.     Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Third Claim for Relief.

43.     Plaintiffs are entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and/or any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

44.     Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

45.     Pursuant to 11 U.S.C.§ 550(a), Plaintiffs are entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

**Fourth Claim for Relief**
**(Disallowance of all Claims − 11 U.S.C. § 502(d) and (j))**

46.     Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

47.     Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

48.     Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

49.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiffs must be disallowed until such time as Defendant pays to Plaintiffs an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

50.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiffs previously allowed by the Debtors or Plaintiffs, must be reconsidered and disallowed until such time as Defendant pays to Plaintiffs an amount equal to the aggregate amount of the Avoidable Transfer(s).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court grant the following relief against Defendant:

A.     On Plaintiffs' First, Second, and Third Claims for Relief, judgment in favor of Plaintiffs and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiffs the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.     On Plaintiffs' Fourth Claim for Relief, judgment in favor of Plaintiffs and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant

returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C.    Such other and further relief as this Court may deem just and proper.

Dated: April 26, 2021              By:    /s/ Alan M. Root
       Wilmington, Delaware               Alan M. Root (No. 5427)
                                          ARCHER & GREINER, P.C.
                                          300 Delaware Avenue, Suite 1100
                                          Wilmington, DE 19801
                                          Tel: (302) 777-4350
                                          Fax: (302) 777-4352
                                          Email: aroot@archerlaw.com

                                              - and -

                                          Gerard DiConza
                                          Lance A. Schildkraut
                                          ARCHER & GREINER, P.C.
                                          1211 Avenue of the Americas
                                          New York, NY 10036
                                          Tel: (212) 682-4940
                                          Email: gdiconza@archerlaw.com
                                              lschildkraut@archerlaw.com

                                          *Attorneys for Charming Charlie Holdings
                                          Inc. for itself and on behalf of its affiliated
                                          debtors and debtors in possession*

## <u>EXHIBIT A</u>

## <u>TRANSFERS</u>